ON PETITION FOR REHEARING EN BANC
WIENER, Circuit Judge:
Treating the Petition for Rehearing En Banc as a Petition for Panel Rehearing, the Petition for Panel Rehearing is DENIED. No member of the panel nor judge in regular active service of the court having requested that the court be polled on Rehearing En Banc (FED R. APP. P. and 5TH CIR. R. 35), the Petition for Rehearing En Banc is DENIED.
In his Petition for Rehearing En Banc, Defendant-Appellant, Chief Justice Rogelio Valdez of the Texas Thirteenth Court of Appeals, contends that the panel majority improperly relied on cases decided after the challenged speech to define the First Amendment right. It is true that the use of post-conduct cases to establish the existence or contours of a right would run afoul of our qualified-immunity jurisprudence. We, the panel majority, did not, however, rely on post-conduct cases to show that Plaintiff-Appellee Bruce Anderson’s First Amendment right was clearly established at the time of his speech. Rather, we relied on Cutler v. Stephen F. Austin State University[1] only as confirming that “by 2010” our post-Garcei-ti v. Ceballos[2] case law had clearly established various principles of First Amendment retaliation law.[3]
Importantly, the panel in Cutler was itself deciding a qualified immunity question.[4] Specifically, the Cutler panel asked what First Amendment retaliation law was clearly established in 2010 — well before the acts taken in this case.[5] That panel then explained that “[sjeveral pre-2010 decisions” clearly established that “speech ... made externally ... about participating in an event that was not within [an employee’s] job requirements” was speech made as a citizen, not speech made as an employee.[6] The Cutler panel concluded that “reasonable officials in the Defendants’ position should have known on the basis of Charles [v. Grief, 522 F.3d 508 (5th Cir. 2008)] and Davis [v. McKinney, 518 F.3d 304 (5th Cir. 2008)] that Cutler’s speech was protected as the speech of a citizen and that their decision to terminate Cutler on the basis of that citizen speech would violate Cutler’s First Amendment right.”[7] The holding of Cutler therefore concerns the state of the law in 2010, well before Anderson’s speech.
Neither did we rely on Cutler to determine what right was already established in 2014. Instead, we discussed Cutler to emphasize that, by 2010, not only was it clearly established that speech like Anderson’s was protected by the First Amendment, but also that a reasonable official in Chief *608 Justice Valdez’s position would — or at least should — have understood that what he was doing violated Anderson’s clearly established First Amendment right.[8] We concluded that Anderson had alleged a violation of law that Cutler demonstrates was clearly established by 2010. And, as that law did not change between 2010 and 2014, Valdez was not entitled to qualified immunity.[9]
We also discussed Howell v. Town of Ball[10] and other opinions issued after Lane v. Franks.[11] To be very clear, the discussion of Lane (also a post-conduct case), and of cases interpreting Lane, was not strictly necessary to decide the qualified-immunity question here. In fact, we were explicit that the citation to Cutler, and the cases it cited, resolved the qualified-immunity issue.[12] The discussion of Lane instead was included to ensure that we were not over-establishing law by unnecessarily implying that Lane had no impact whatsoever on our post-Garcetti law: We recognized that Lane indicated that our post-Garcetti case law did not speak “loudly regarding every factual circumstance.”[13] We included a discussion of Howell to illustrate which factual situations are implicated by Lane and which are not. Other panels of this court have likewise noted that, even in qualified-immunity cases, Lane often does not alter the analysis required by our post-Garcetti case law.[14]
Put differently, we did not use Howell either to define the right or to show that the right was clearly established at the time Anderson spoke. Instead, the discussion of Howell was included only to cabin our holding to rights that were clearly established by 2014: We were just making clear that our opinion does not implicate Lane’s ordinariness rule. Our discussion of that rule had no bearing on deciding Valdez’s qualified-immunity claim. As we went to lengths to explain, the right that Cutler held was clearly established by 2010 decides this appeal.[15]

. 767 F.3d 462, 472-73 (5th Cir. 2014).

. 547 U.S. 410, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006).

. Maj. Op. at 600 n.98.

. Cutler, 767 F.3d at 470-73.

. Id. at 472-73.

. Id.

. Id. at 473.

. See Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

. See Hardesty v. Cochran, 621 Fed.Appx. 771, 780 (5th Cir. 2015) (per curiam) (“In Cutler ... we considered whether First Amendment retaliation principles regarding public employees were clearly established prior to 2010. We concluded that numerous Supreme Court and Fifth Circuit decisions gave the defendants clear warning that when a public employee engages in speech outside of his employment duties, and the employee directs his speech externally rather than within the chain of command, the employer may not discipline the employee for engaging in the speech in question. The law was therefore clearly established when the Board Defendants took adverse employment actions against Hardesty in 2011 and 2012.”).

. 827 F.3d 515 (5th Cir. 2016).

. -U.S.-, 134 S.Ct. 2369, 189 L.Ed.2d 312 (2014).

. Maj. Op. at 601 ("Accepting Anderson's allegations as true, Cutler decides this appeal.”).

. Maj. Op. at 601.

. See, e.g., Hardesty, 621 Fed.Appx. at 780-81 ("The Supreme Court’s recent decision in Lane ... did not alter First Amendment jurisprudence in any way that would render the currently applicable law not clearly established under these facts.” (citation omitted)).

. Maj. Op. at 600-01.